IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOE LARA, on behalf of himself and all others similarly situated, § § § *Plaintiff*, § v. § § LUBBOCK HEART HOSPITAL, LLC § d/b/a LUBBOCK HEART & SURGICAL § HOSPITAL, § § *Defendant*. § | Case No. 5:23-CV-036-H |

**JOINT REPORT REGARDING PLAINTIFF'S MOTION TO PRELIMINARILY APPROVE CLASS SETTLEMENT**

Pursuant to the Court's Order Requiring Additional Briefing, ECF No. 22, Joe Lara ("Plaintiff") and Defendant Lubbock Heart Hospital, LLC d/b/a Lubbock Heart & Surgical Hospital ("Defendant") (collectively, the "Parties") hereby file this Joint Report Regarding Plaintiff's Unopposed Motion to Preliminarily Approve Class Settlement, and state as follows:

On February 21, 2023, Plaintiff filed a Class Action Complaint ("Compl."). ECF No. 7. Following an all-day mediation on June 15, 2023, with Bruce Friedman, Esq. of JAMS, and continued settlement negotiations, the Parties reached an agreement as to the material terms of a settlement on June 22, 2023. On September 7, 2023, the Parties executed the final settlement agreement. On September 8, 2023, Plaintiff filed his unopposed motion to preliminarily approve class action settlement, requesting that the Court preliminarily approve the class action settlement. ECF Nos. 19, 20, 20-1.

On November 11, 2023, the Court entered its Order Requiring Additional Briefing, directing the Parties to "confer and file a joint report in response to [the Court's] Order no later than December 8, 2023." ECF No. 22. The Court further directed that the Parties (1) "address

whether any party disputes that the plaintiff has standing as to at least one claim," and (2) "state whether [the Parties] wish to continue with the proposed settlement." *Id.* The parties submit this joint report in response to the Court's request.

*First*, the Parties agree that Plaintiff has standing as to at least one claim, as necessary for the Court to provisionally certify the class for purposes of settlement and to preliminarily approve the settlement.

To establish standing to bring a claim in federal court, Plaintiff must allege an actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. V. Camp.*, 397 U.S. 150, 152 (1970); *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020) (to establish standing, "a plaintiff must demonstrate [] that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent[.]"). Because the Parties reached a settlement at the pleadings stage, the Court need only consider "whether the [Parties] have 'plausibly alleged' the minimum requirements for Article III standing." *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-CV-03424-K, 2022 WL 16821685, at *4 (N.D. Tex. Oct. 14, 2022), *report and recommendation adopted*, No. 3:20-CV-03424-K, 2022 WL 16821665 (N.D. Tex. Nov. 8, 2022).

Here, Plaintiff alleges that he, and putative class members, have or will suffer various injuries, including (1) time spent monitoring accounts for fraud and identity fraud, (2) exposure of PII and PHI, (3) "damages to and diminution in the value of his PII/PHI," (4) future risk of harm, including risk of fraud, misuse, and identity theft, and (5) "lost benefit of their bargain." Compl. at ¶¶ 35–40, 100. The Fifth Circuit has held that "[i]njuries to rights recognized at common law— property, contracts, and torts—have always been sufficient for standing purposes." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800 (5thCir. 2012); *see also Kostka*, 2022 WL 16821685, at *4; *Osherow as Tr. for Est. of Republic Res., LLC v. York*, No. 5:17-CV-483-DAE, 2019 WL 6048017, at *5 (W.D. Tex. Aug. 5, 2019) (reiterating that in

Texas it is a "generally recognized principle that parties to a contract have standing to sue for its breach").

Federal courts, including courts in Texas and the Supreme Court, have also concluded that allegations of "invasion of privacy" "meets the injury-in-fact requirements" of Article III. *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 874 (W.D. Tex. 2016) (FCRA context) (collecting cases); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion.") (internal quotation marks and citation omitted).

As such, the Parties agree that Plaintiff at least meets the bare minimum requirements for Article III standing for each of Plaintiff's claims such that this Court has jurisdiction to consider Plaintiff's unopposed motion to provisionally certify the class and preliminarily approve the settlement in its entirety.

*Second*, the Parties jointly agree to continue with the proposed settlement, including the releases set forth in the settlement agreement, and respectfully request that the Court preliminarily approve the class action settlement for the reasons set forth in Plaintiff's Unopposed Motion to Preliminarily Approve Class Settlement, ECF No. 200.

Defendant notes that while the Parties agree that Plaintiff's damages allegations are sufficient to meet Article III standing and confer jurisdiction to this Court for the purposes of certifying the settlement class, by making this agreement Defendant is not waiving any arguments as to the sufficiency of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) in the event the settlement is not approved. *See Clements v. Trans Union, LLC*, No. 3:17-CV-00237, 2018 WL 4519196, at *4 (S.D. Tex. Aug. 29, 2018), *report and recommendation adopted*, No. 3:17-CV-00237, 2018

WL 4502255 (S.D. Tex. Sept. 20, 2018) ("But the injury-in-fact standing analysis presents a much different inquiry than a damages analysis[.]");*Doe v. Chao*, 540 U.S. 614, 624–25 (2004) (explaining that an individual may suffer Article III injury and yet fail to plead a proper cause of action).

The Parties have determined that it was desirable and beneficial to settle the above-captioned manner on a class-wide basis. The Parties have further agreed that in exchange for the settlement benefits, as set forth in the settlement agreement (ECF No. 20-1), each Settlement Class Member who has not timely and validly excluded himself or herself from the settlement, shall be bound by the terms of the settlement, including the Releases and all Released Claims, as defined.

As such, the Parties wish to proceed with the proposed settlement, including all releases set forth therein, and respectfully request that the Court consider the proposed settlement, and enter an order provisionally certifying the class for purposes of settlement and preliminarily approve the settlement in full.

| | |
|---|---|
| Dated: December 8, 2023 | Dated: December 8, 2023 |
| Respectfully submitted, | Respectfully submitted, |
| /s/ *Raina C. Borrelli* <br> Raina C. Borrelli <br> TURKE & STRAUSS LLP <br> 613 Williamson St., Suite 201 <br> Madison, WI 53703 <br> Telephone: (608) 237-1775 <br> Facsimile: (608) 509-4423 <br> raina@turkestrauss.com | /s/ *Tamara D. Baggett* <br> Tamara D. Baggett (SBN 24058573) <br> BAKER & HOSTETLER LLP <br> 2850 North Harwood Street, Suite 1100 <br> Dallas, TX 75201 <br> Telephone: (214) 210-1200 <br> Facsimile: (214) 210-1201 <br> tbaggett@bakerlaw.com |
| Joe Kendall (SBN 11260700) <br> KENDALL LAW GROUP, PLLC <br> 3811 Turtle Creek Blvd., Suite 1450 <br> Dallas, TX 75219 <br> Telephone: (214) 744-3000 <br> Facsimile: (214) 744-3015 <br> jkendall@kendalllawgroup.com | Casie D. Collignon (*pro hac vice* forthcoming) <br> BAKER & HOSTETLER LLP <br> 1801 California Street, Suite 4400 <br> Denver, CO 80202 <br> Telephone: (303) 861-0600 <br> Facsimile: (303) 861-7805 <br> ccollignon@bakerlaw.com |

*Attorneys for Plaintiff and the Proposed Class*

        Marcus McCutcheon (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Telephone: (714) 754-6600
Facsimile: (714) 754-6611
mmccutcheon@bakerlaw.com

*Attorneys for Defendant Lubbock Heart Hospital, LLC d/b/a Lubbock Heart & Surgical Hospital*

5

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 8th day of December, 2023.

          TURKE & STRAUSS LLP

          By: */s/ Raina C. Borrelli*
             Raina C. Borrelli
             raina@turkestrauss.com
             TURKE & STRAUSS LLP
             613 Williamson St., Suite 201
             Madison, WI 53703
             Telephone: (608) 237-1775
             Facsimile: (608) 509-4423